Judge Robertson,
delivered the opinion of the Court.
In an action of covenant; brought by Evans against Bain, for $300 covenanted to be paid in horses or a wagon, the defendant, after a demurrer to the declaration, (which is substantially good) was overruled, filed two special pleas, each averring that before the day of payment, the defendant (Bain) paid the plaintiff (Evans) $247 50 in horses, and agreed to pay him in a specified manner, the remainder of the $300, which was $52 50, which Evans accepted in discharge of the covenant; and shall thereupon, in consideration of said payment and assumpsit, “ the covenant was cancelled and delivered up to the defendantA
A demurrer to these pleas being sustained, a writ of inquiry was awarded, and a verdict and judgment was rendered against the defendant for $300 in damages ; to reverse which this writ of error is prosecuted.
Plea that a covenant sued on, was satisfied & can-celled, tho’ the satisfaction may have been by parol, yet it íb a good bar, as no action could be maintained upon a can-celled instrument.
Triplett and E. Smith, for plaintiff; Cunningham, for defendant.
The pleas show a good bar to the action. If, a£ stated, the covenant was cancelled and surrendered, no suit could be maintained on it. The pleas are not, as they seemed to be to the circuit court, simply pleas of a parol accord in satisfaction. This they would have been without the averment of the cancelment and surrender of the covenant. But this averment renders them an effectual bar. It is not that the covenant was to be, but that it was, cancelled and surrendered.
It is probable, from the fact, that Evans exhibited the covenant in his declaration, that this "averment is false, and cannot be established by proof. But the demurrer admits its truth and judicially, we cannot presume to the contrary.
The judgment On the demurrer was, therefore, erroneous, wherefore, the judgment in this case must be reversed, and the cause remanded for an issue to be taken on the pleas.